### In re COUNTRY LAKE ENTERPRISES, INC., Debtor.

### No. 02–00980–5–ATS.

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Sept. 26, 2002.

**224**

Rosbon D.B. Whedbee, Ahoskie, NC, for Debtor.

William Hill, Greenville, NC, for Wachovia Bank.

Daniel C. Bruton, Winston-Salem, NC, for Alfred Patton & Clifford Harris.

Jeffrey M. Cook, Raleigh, NC, for Bankruptcy Administrator.

## ORDER ALLOWING MOTION TO RECONSIDER AND DENYING MOTION FOR RELIEF FROM ORDER DENYING SANCTIONS

A. THOMAS SMALL, Bankruptcy Judge.

Pending before the court is debtor Country Lake Enterprises, Inc.'s motion to reconsider the court's prior order of August 22, 2002, in which the court granted relief from the automatic stay to secured creditors, Alfred Ray Patton and Clifford M. Harris. Also pending is its motion for relief from the court's prior order of July 22, 2002, which denied the debtor's request for sanctions against Patton and Harris. A hearing was held in Raleigh, North Carolina on September 24, 2002. For the reasons that follow, the motion to reconsider the order of August 22, 2002, will be allowed. The motion to reconsider the order of July 22, 2002, will be denied.

Country Lake Enterprises, Inc. ("Country Lake") owned 170 acres of real property in Fuquay–Varina, North Carolina, subject to a deed of trust in favor of Patton and Harris. The deed of trust secured a note in the amount of $895,000. Country Lake defaulted on the note and Patton and Harris began foreclosure proceedings. The foreclosure sale was held on March 14, 2002, and Patton and Harris were the successful bidders. No party filed an upset bid, and the ten-day upset bid period appeared to expire on Monday, March 25, 2002, at 5:00 p.m. Prior to and on March 25, the parties engaged in a series of last-minute communications in hopes of reaching an agreement with respect to the property. They did not do so, and at 5:22 p.m. on March 25, Country Lake filed a petition for relief under chapter 11 of the Bankruptcy Code. Thereafter, the parties proceeded under the assumption that the petition had been filed after the close of business on the last day of the upset period, though the potential legal ramifications of the date and particularly the time of filing were vigorously contested.

The substitute trustee's deed was delivered to Patton and Harris on May 3, 2002, and filed on May 6, 2002. Country Lake subsequently contended that the delivery and filing of the trustee's deed violated the automatic stay, and sought sanctions against Patton and Harris. In its order of August 22, 2002, the court found that the petition was filed after the close of business in state courts on March 25, 2002, and that the foreclosure sale therefore became

final prior to the filing of Country Lake's petition. However, the court concluded that Country Lake did retain some interest in the property until the deed was delivered. The order held that the trustee's deed was void because it was delivered and recorded in violation of the stay. While sanctions against the substitute trustee might be appropriate, the court held, there was no basis on which to hold Patton and Harris responsible for the violation. They subsequently filed a motion seeking relief from the stay. The court lifted the automatic stay to allow Patton and Harris to complete their foreclosure based on the assumption that Country Lake had no remaining interest in the property.

On August 30, 2002, Country Lake filed a notice of an appeal of this court's order of August 22, 2002. In the motion, the debtor also sought a stay of the order of August 22, 2002, pending appeal. This court denied the motion for stay but did permit a temporary stay of the order, until September 6, 2002, to permit the debtor to seek a stay from the district court. Country Lake received an extension of the stay, until September 16, 2002, from the district court. In a supplemental statement of issues on appeal, filed September 9, 2002, the debtor raised—for the first time—the argument that its equity of redemption right actually had not expired on March 25, 2002. Instead, the debtor claimed that the upset bid period could not expire on March 25 because that date is Greek Independence Day, which is recognized in North Carolina as a legal holiday. N.C. Gen.Stat. § 103–4(3a) (2001).

In an order dated September 13, 2002, Judge Boyle allowed the "Debtor–Appellant's Emergency Motion to Remand Case to Bankruptcy Court for Reconsideration of Order(s) Appealed From" and remanded the matter to this court for reconsideration of the order of August 22, 2002. *In re Country Lake Estates, Inc.*, Order No. 5:02–MC–41–BO (E.D.N.C. Sept. 13, 2002). The district court stated that it "makes no decision regarding the validity of the debtor-appellant's argument for reconsideration." *Id.*

Country Lake raised its Greek Independence Day argument for the first time on appeal. Whether this court should now consider the issue is within the court's discretion. *See, e.g., Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605–06 (4th Cir.1999), *cert. denied*, 528 U.S. 1117, 120 S.Ct. 936, 145 L.Ed.2d 814 (2000) (discussing general rule that appellate court will not consider issue raised for the first time on appeal, and noting that whether district court may consider issue in subsequent proceedings is generally within discretion of court). Because the statute speaks so directly to the issue before the court, the court elects to excuse the lack of timeliness and to address Country Lake's new argument. In light of the various stays extended throughout the course of this matter, consideration of this issue now will not cause undue hardship to the other affected parties.

The state statute applicable to upset bids, North Carolina General Statute § 45–21.27, specifically provides that if the tenth day of the upset bid period is a legal holiday, the necessary deposit and notice may be filed on the following day. *Id.* § 45–21.27(a) (2001). Whether the clerk's office is open or closed on these holidays is irrelevant for purposes of determining the date on which the upset period ends, because the statute makes clear that the upset bid period may not end on a legal public holiday. *Id.* In the case at hand, because March 25 is Greek Independence Day, the upset period expired at the normal close of business on March 26, 2002, by which time Country Lake had filed its

bankruptcy petition. Under the plain language of the statute, Country Lake still has rights in the real property and the property still is part of the debtor's estate.

The debtor also requests that the court grant relief from its Order Denying Debtor's Motion for Sanctions, entered on July 22, 2002. The court concluded in that order that Patton and Harris were not responsible for the delivery and recording of the trustee's deed, which was in violation of the automatic stay. The court has no basis on which to change that conclusion. Moreover, the court's new finding with respect to the expiration of the upset bid period at the close of business on March 26 rather than on March 25 provides no new grounds on which to find that Patton and Harris should be subject to sanctions. Until September 9, 2002, when he filed a supplementary statement of issues to be considered on appeal, even Country Lake's own counsel proceeded under the assumption that the upset bid period concluded on March 25, 2002. The court also takes notice of the fact that in North Carolina Greek Independence Day is not as well-known or at least not as universally celebrated as most of the other legal holidays listed along with it, such as Christmas and Thanksgiving. The legal holidays recognized in North Carolina contain some dates that may not be well-known, such as the Anniversary of the Signing of the Halifax Resolves on April 12 and the Anniversary of the Mecklenburg Declaration of Independence on May 20, but for purposes of the foreclosure statute, those lesser-known holidays have the same effect as the Fourth of July.

For the foregoing reasons, the debtor's Emergency Motion for Reconsideration of Order Granting Relief from Automatic Stay is **ALLOWED**. The court's order of August 22, 2002, to the extent that it grants relief from the automatic stay to Patton and Harris, is **VACATED**. The automatic stay is **REIMPOSED** with respect to the 170 acres of real property at issue in this matter. The debtor's Motion for Relief from Order Denying Sanctions is **DENIED**. A separate order will deal with Patton and Harris' request for relief from the stay and the adequate protection that they must receive.

**SO ORDERED.**